## J. MORRIS *et al. v.* THE STATE.

1. MISNOMER — AMENDMENT. — If the accused, by plea in abatement or otherwise, suggest that he bears some name different from that stated in the indictment, the court is authorized by the Code to cause the indictment to be amended in conformity with the suggestion.

2. PLEA. — A plea of not guilty, either made by or entered for the accused, in the court below, must appear in the transcript. Without a plea there was no issue before the jury, and their verdict was nugatory.

APPEAL from the County Court of Smith. Tried below before the Hon. G. W. SMITH.

The charge was for aggravated assault; the conviction for simple assault and battery, assessing against the defendants a fine of $20 each.

*G. H. & Horace Chilton,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WINKLER, J. The first error assigned, necessary to be noticed, is that the court erred in permitting the amendment of the indictment in the matter of the names of the defendants.

Two of the defendants pleaded in abatement that their names were not as stated in the indictment, and they stated in the plea, as alleged, their true names. The court seems not to have acted on the plea, but, on motion of the county attorney, ordered the indictment to be amended so as to insert therein the names of the defendants as stated in the plea, in the place of the names originally set out in the indictment.

The action of the court in thus permitting the indictment to be amended in the particulars stated was correct. The Code provides : " If the defendant, or his counsel for him,

suggest that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment amended, the style of the case changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment.'' Code Cr. Proc., art. 469 (Pasc. Dig., art. 2938).

It is also assigned as error that there was no plea of guilty or not guilty, as is required by law; the defendants did not plead to the indictment. The fact that the accused was tried without having pleaded, or the plea of *not guilty* having been entered for him, has heretofore been repeatedly held by this court to be fatal to a verdict and judgment of conviction. See the following cases, and the authorities therein cited; *Satterwhite* v. *The State*, 3 Texas Ct. App. 428; *Stacey* v. *The State*, 3 Texas Ct. App. 121.

To these we add *The State* v. *Fort*, 1 Car. Law Repos. 510, cited in Waterman's notes to Archbold's Criminal Practice and Pleading, 178 — 31, note 2, where the court, speaking of the effect of not joining issue between the State and the defendant, says: '' The legal consequence is that there was nothing submitted to the jury, and that their verdict is nugatory.''    N. C. Rep. 122.

The other errors assigned need not be noticed, the only question likely to arise on another trial having been disposed of. For the error in rendering the judgment upon a verdict without a plea, it is reversed and the case remanded.

*Reversed and remanded.*